UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN BOWERS,

   *Plaintiff,*

   *v.*

COUNTY OF TAYLOR,
BRUCE DANIELS, AND
MELISSA SEAVERS                                  Case No: 3:20-cv-928

   *Defendants.*

---

## COMPLAINT

Plaintiff Steven Bowers, by his attorneys, STRANG BRADLEY, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. On March 2, 2017, Defendant Melissa Seavers, IT Director of the Taylor County Sheriff's Department, at the direction of Defendant Sheriff Bruce Daniels, conducted a warrantless search of Sergeant Steven Bowers's private Dropbox account.

2. Sgt. Bowers's stored a number of files, both personal and work-related, on the cloud in his private Dropbox account, which were accessible via the Dropbox app located on Sgt. Bowers's work issued cell phone, which department policy stated he could "use as [he] would [his] own."

1

3. Sgt. Bowers's private Dropbox account was Sgt. Bowers's private possession, paid for out of his own pocket without the knowledge of the Taylor County Sheriff's Department.

4. The files searched were not physically located on any Taylor County equipment, but instead were stored on Dropbox's cloud network, on servers outside Taylor County and accessible the Dropbox app.

5. To effectuate her warrantless search, Defendant Seavers first reset Sgt. Bowers's "network password" to lock Sgt. Bowers out of his work email, then used the "forgot my password" function on his private Dropbox account to have a password reset email sent to Sgt. Bowers's work email, now under the control of Defendant Seavers, which she then used to set a new password and access Sgt. Bowers's private Dropbox account.

6. In doing so, Defendant Seavers effectively seized Sgt. Bowers's property, again without a warrant.

7. The County then, after demoting Sgt. Bowers to a Deputy, retaliated against and humiliated Sgt. Bowers by ordering him to do maintenance work.

8. Ordering Sgt. Bowers to perform maintenance work was in violation the County's collective bargaining agreement, was performed without procedural safeguards, and therefore deprived Sgt. Bowers of his right to due process under the Fourteenth Amendment.

**JURISDICTION and VENUE**

9. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

10. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391(b). Defendant County of Taylor is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

12. Plaintiff Steven Bowers is a resident of the State of Wisconsin and Town of Rib Mountain.

13. Defendant County of Taylor is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual law enforcement Defendants and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

14. Defendant Bruce Daniels was, at the time of this occurrence, employed as a Sheriff in the County of Taylor's Sheriff's Department. Defendant Daniels engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the County of Taylor.

15. Defendant Melissa Seavers was, at the time of this occurrence, employed as an IT Director in the County of Taylor's Sheriff's Department. Defendant Seavers engaged in the conduct complained of while she was on duty and in the course and scope of her employment with the County of Taylor.

16. At all times relevant to this action, Defendant Daniels and Seavers were acting under color of state law, ordinance, and/or regulation. These defendants are sued in their individual capacities.

**FACTS**

17. In February of 2017, Sergeant Steven Bowers (Sgt. Bowers) of the Taylor County Sheriff's Department was assigned to work with the producers of *Cold Justice*, a television program that works with police departments to profile cold case homicide files.

18. In the course of working with the *Cold Justice* producers, Sgt. Bowers, at the request of the producers, provided them with case files for two other deaths in Taylor County.

19. On February 28, 2017, upon hearing that Chief Deputy Larry Woebekking suspected that Sgt. Bowers may have given additional case files to the *Cold Justice* producers, Defendant Daniels sent an email to the entire Sheriff's Office regarding the need to secure approval before release of confidential records.

20. Two hours later, Sgt. Bowers replied to the email, confirming that he had provided cold case files to the investigators at *Cold Justice*, and apologizing for failing to follow proper protocols in the handling of the information.

21. Sgt. Bowers immediately sought to remedy this failure, and the next morning, at his request, the files were returned to Christine O'Toole, the Data Records Manager for the Sheriff's Department, who confirmed that no copies had been made.

22. Despite Sgt. Bowers's cooperation and willingness to remedy and mitigate any failure to follow proper protocols, Sheriff Daniels chose to undertake an investigation into Sgt. Bowers without his knowledge.

23. The same day the files were returned, Sheriff Daniels directed IT Director Melissa Seavers to search Sgt. Bowers's emails for information regarding his communications with the *Cold Justice* staff.

24. After finding no communications of the sort he was looking for, Defendant Daniels sought to access Sgt. Bowers's Dropbox account.

25. Sgt. Bowers's Dropbox account was private, and not associated with the Sheriff's Office.

26. Defendant Daniels noted that he was unsure if it was any sort of violation for Sgt. Bowers to have the cold case files on his Dropbox and that he was unsure of whether he had authorized his storing case files on the Dropbox.

27. The private nature of the Dropbox account was immediately apparent, as Defendant Daniels noted that that private nature "in and of itself is a potential problem."

28. Nevertheless, Defendant Seavers assured Defendant Daniels that she could "likely defeat the system and gain access even without a password[.]"

29. On February 28, 2017, Defendant Daniels advised that that was not yet necessary.

30. On March 2, 2017, without the knowledge or consent of a wholly cooperative Sgt. Bowers, Defendant Daniels ordered Defendant Seavers to "take the necessary action" to access Sgt. Bowers's private Dropbox account.

5

31. Defendant Seavers first reset Sgt. Bowers's "network password" to lock Sgt. Bowers out of his work email, then used the "forgot my password" function on Dropbox to have a password reset sent to Sgt. Bowers's work email, now under the control of Defendant Seavers, which she then used to set a new password and access Sgt. Bowers's Dropbox.

32. Defendant Seavers then searched through the contents of Sgt. Bowers's private Dropbox account, taking screenshots of the files and the permissions associated with those files.

33. On March 7, 2017, Defendant Daniels requested assistance from the Department of Criminal Investigation in investigating Sgt. Bowers.

34. Sgt. Bowers was subsequently charged with multiple felonies based on the fruits of the illegal search conducted by Defendant Seavers at the direction of Defendant Daniels.

35. The Taylor County Sheriff's Department demoted Sgt. Bowers from the Supervisors' Unit to Deputy on November 17, 2017.

36. Sgt. Bowers was then suspended until February 18, 2018.

37. From June 4, 2018 to on or about June 15, 2018, Taylor County, in violation of its collective bargaining agreement with the Wisconsin Professional Police Association Law Enforcement Employee Relations Division, which represented all regular fulltime Deputy Sheriffs, required then Deputy Bowers to report to Taylor County Maintenance Director Jeff Ludwig to work on County maintenance projects.

38. Under the supervision of Director Ludwig, the County ordered then Deputy Bowers to not wear his uniform; ordered him to scrape and repaint County buildings; ordered him to rake and remove straw, sawdust, and cow excrement; ordered him to work outside of bargained-for scheduling shifts without appropriate compensation; and failed to provide him with appropriate protective gear. The County, through the orders of Sheriff Daniels, did this to retaliate against, and to humiliate, Sgt. Bowers.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Illegal Search

39. Plaintiff realleges the above paragraphs.

40. The intentional actions of Defendant Seavers in searching the files in Sgt. Bowers's private Dropbox account without a warrant, and of Defendant Daniels in ordering the search, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

41. The aforementioned actions of Defendants Seavers and Daniels were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries, mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Seavers and Daniels, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## COUNT II:

**42 U.S.C. § 1983 Claim for Illegal Seizure**

42. Plaintiff realleges the above paragraphs.

43. The intentional actions of Defendants Seavers and Daniels in locking Sgt. Bowers out of his private Dropbox account constituted a seizure of his property without a warrant violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

44. The aforementioned actions of Defendants Seavers and Daniels were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries, mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Seavers and Daniels, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

**COUNT III**

**42 U.S.C. § 1983 Claim for Deprivation of Due Process Rights**

45. Plaintiff realleges the above paragraphs.

46. The intentional actions of Defendant Daniels in forcing Sgt. Bowers to report to the maintenance division of the County violated the County's collective bargaining agreement and therefore deprived Sgt. Bowers of his due process rights.

47. There was a collective bargaining agreement between Taylor County and the Sheriff's Department "effective January 1, 2018" that remained "in full force and effect until and including December 31, 2019."

48. The County's collective bargaining agreement with the Wisconsin Professional Police Association Law Enforcement Employee Relations Division creates rights for Sheriff Deputies, including then-Deputy Bowers, which can't be taken without due process. Per Article 2, Section 1: "The Municipal Employer recognizes Wisconsin Professional Police Association Law Enforcement Employee Relations Division as the exclusive bargaining representative of all regular full-time Deputy Sheriffs in the Sheriff's Department for the purpose of negotiating in relation to wages, hours and conditions of employment, excluding supervisory and clerical employees."

49. The County's collective bargaining agreement with the Wisconsin Professional Police Association Law Enforcement Employee Relations Division required the County to maintain its present practice of providing uniforms and equipment for deputies in Article 9—Uniforms and Equipment: Section 1. Per Article 9, Section 1: "The present practice of fully furnishing and maintaining all uniforms and equipment required by the County shall be continued and made a part of this Agreement subject to approval of supervisors."

50. The collective bargaining agreement required the County to maintain its present working conditions and hours of work for deputies. At the time, Deputies reported to law enforcement supervisors and performed law enforcement duties. Per Article 7, Section 1: "The County agrees that all conditions of employment in the

9

individual operation relating to wages, hours of work, overtime differentials and general working conditions shall be maintained at not less than the highest standards in effect at the time of the signing of this Agreement and the conditions of employment are made elsewhere in this Agreement."

51. The collective bargaining agreement required the County to compensate deputies for working irregular shifts. Per Article 8, Section 2: "Excluding Detectives, Court Security and Emergency Management Director the regular shift shall be 8 ½ hour of work . . . with a work cycle of 6-3 rotation." And per Article 8, Section 3: "Overtime shall be paid at time and one-half (1 ½) the regular hourly rate for each employee, or compensatory time off accrual. . . An officer recalled to work . . . at sometime other than his or her regularly scheduled shift shall be paid at the applicable overtime rate. If the officer who has been recalled to work also works all or a portion of his or her regularly scheduled shift, the remaining regularly scheduled hours shall be paid at the officer's regular rate of pay."

52. Defendant Daniels caused Bowers to report to the maintenance division knowing that doing so would necessarily violate the above-mentioned collective bargaining agreement terms. He knew it would cause Bowers to work irregular shifts and to do non-deputy work.

53. Defendant Daniels intentionally deprived Bowers of his due process rights, which were created by the collective bargaining agreement, to punish and humiliate Bowers.

54. The aforementioned actions of Defendant Daniels were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries, mental suffering, anguish, fear, humiliation, reduced pay, and expenses.

## COUNT IV:
### Indemnification Claim Against County of Taylor

55. Plaintiff realleges the above paragraphs.

56. Wisconsin law, WIS. STAT. § 895.46 requires public entities to pay any tort judgement for damages for which employees are liable, for acts within the scope of their employment.

57. At all times relevant to this action, Defendants Seavers and Daniels engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the County of Taylor.

WHEREFORE, Plaintiff asks this Court to find that the County of Taylor is liable to defend this action against Defendants Seavers and Daniels and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

### JURY DEMAND

58. Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: October 5, 2020

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANGBRADLEY, LLC
33 East Main Street, Suite 400
Madison, Wisconsin 53703
[608] 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff